NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0395n.06

Case No. 08-6062

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 13, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| TERRANCE LOWDERMILK, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| _____ | ) |

BEFORE: BATCHELDER, Chief Judge; ROGERS and KETHLEDGE, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Terrance Lowdermilk brings this appeal following his resentencing for possession with intent to distribute narcotics (two counts) and being a felon in possession of ammunition. Lowdermilk claims that the district court deprived him of his right of allocution at the sentencing hearing, and that the United States breached its plea agreement with him by refusing to move for a downward departure from the Sentencing Guidelines. In a supplemental brief, Lowdermilk further argues that the district court lacked jurisdiction over him, that the district court committed various sentencing errors, and that the district court failed to determine that there was a factual basis for his guilty plea before entering judgment. Each claim is without merit, so for the reasons set forth below, we AFFIRM the decision of the district court.

## I.

On April 18, 2002, Defendant Lowdermilk pled guilty to (1) possession with intent to distribute cocaine, (2) possession with intent to distribute marijuana, and (3) being a felon in possession of ammunition.

A subsequent Presentence Report ("PSR") showed that the Defendant was a career offender because he had two prior felony convictions for crimes of violence. Specifically, the Defendant had two convictions for aggravated assault, which he admitted in the plea agreement.

The Defendant did not object to the PSR, which the district court adopted in its entirety, including the determination that the Defendant was a career offender. At the sentencing hearing, the United States noted the Defendant's cooperation:

> [W]e've had several conversations with the defendant. He is assisting us. And although we don't have anything yet we can point to . . . in terms of substantial assistance, we believe that may be possible in the future. And because of his assistance, . . . despite his past record, which obviously is reflected in his guideline range, we think that a sentence in the bottom half of the guideline range would be warranted in this case.

The court imposed a sentence of 151 months, which was the bottom of the Guidelines range. The Defendant did not object to the sentence, and no direct appeal was filed.

The Defendant filed a timely motion pursuant to 28 U.S.C. § 2255 claiming that his counsel was ineffective for not filing a direct appeal that he had requested. The district court agreed and allowed the Defendant to file a timely, albeit delayed, appeal. In his appeal, the Defendant argued, *inter alia*, that he was entitled to resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), and on February 5, 2008, this court vacated the Defendant's sentence and remanded for resentencing under the now-advisory Sentencing Guidelines.

Shortly after this court remanded for resentencing, the Defendant filed a series of *pro se* motions, including an attempt to compel the United States to request a downward departure under U.S.S.G. § 5K1.1 at his resentencing. The district court appointed counsel to represent the Defendant at resentencing, and counsel filed a supplement to the Defendant's *pro se* motion to compel, noting that the Defendant had "insist[ed] that th[e] motion be pursued and ha[d] advised that he wishes to argue his position himself."

The resentencing hearing was held on August 21, 2008, and the district court noted that the applicable Guidelines range was unchanged from the original sentencing proceeding, but that it was no longer mandatory. The court also noted that it was free to impose a sentence above or below the Guidelines range and that it must take into account the sentencing goals of 18 U.S.C. § 3553(a).

The district court then invited the parties to speak. Counsel for the Defendant mentioned that the Defendant had represented himself prior to counsel's appointment and had filed several *pro se* motions which were later withdrawn, after "lengthy discussions" with counsel. Counsel also stated that the Defendant was "insistent" that the court "consider his motion to compel the government to file a motion . . . for a downward departure," even though counsel could find no legal basis for such action.

The United States responded that the Defendant's cooperation had not resulted in any new investigations or new charges being filed. Moreover, although the Defendant made himself available as a potential witness, he was never called to testify. The United States thus determined that the Defendant's assistance had not risen to a level warranting a motion for downward departure.

The district court then addressed the Defendant, emphasizing that an "attorney knows what the law is and what are persuasive arguments and what are not persuasive arguments," and that defendants are not entitled to represent themselves while simultaneously represented by counsel. It concluded that, "[s]ince you have a lawyer—you have a very competent and capable lawyer representing you, the Court will only hear arguments from [defense counsel.] . . . [T]he Court will not permit you to make arguments on your own . . . ."

Through counsel, the Defendant then summarized his sentencing memorandum, noting his traumatic childhood, his substance abuse problems, his stable work history, his family situation, and his participation in educational programs while incarcerated. He also argued that his career-offender classification over-represented his criminal history.

The court then invited the Defendant to speak personally. The Defendant apologized for his actions and announced his intent to rehabilitate himself and become a "productive citizen in society." The court then inquired, "[a]nything further?" and the Defendant continued, stating for the record that he and his attorney "disagree on a certain couple of items in this proceeding here."

The district court then stated that it had considered all of the evidence proffered by the parties, that the Defendant was properly classified as a career offender, and that its earlier sentence of 151 months was "entirely appropriate." The court then asked whether the Defendant had any objections to the sentence imposed that had not already been raised, and the Defendant answered, "[n]o."

This timely appeal followed. In a brief submitted by counsel, the Defendant raised two issues. The Defendant then moved, *pro se*, for permission to file a supplemental brief with several

additional issues. This court granted the motion. The Defendant's counsel promptly moved to withdraw, referencing his responsibility as an officer of the court not to present frivolous or meritless issues. This court granted the motion to withdraw and ordered the Defendant to proceed *pro se*. Subsequently, the Defendant filed his supplemental brief, which this court will address only because the Defendant was expressly authorized to file it.

## II.

The Defendant claims that the district court lacked jurisdiction to hear his case. The Defendant was charged with and convicted of violations of federal law in the Eastern District of Tennessee, the same district in which the underlying conduct took place. It is well-settled that federal district courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Accordingly, the district court had jurisdiction.

## III.

Prior to the resentencing hearing, the Defendant filed a *pro se* motion to compel the government to file a motion for downward departure. The Defendant's appointed counsel told the court that he did not feel comfortable presenting what he believed was a frivolous argument, and, because the Defendant was represented, the court did not permit the defendant to argue the motion himself. The court did, however, permit the Defendant to speak prior to resentencing. The Defendant now claims that "the sentencing court committed reversible error when it failed to allow Mr. Lowdermilk an opportunity to speak and to provide the court with information to mitigate his sentence." On appeal, this court reviews *de novo* claims that the right of allocution was denied.

*United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995).  Because the district court permitted the Defendant to speak prior to sentencing, and a defendant has no right to combine self-representation with representation by counsel, the Defendant's argument fails.

## A.

"Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."  Fed. R. Crim. P. 32(i)(4)(A)(ii); *see also Green v. United States*, 365 U.S. 301, 305 (1961) (directing sentencing courts to "leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing").  Here, the Defendant received a full, fair opportunity to allocute during the resentencing hearing, and he took advantage of that opportunity.  His attorney presented extensive argument on his behalf, explaining factors that might persuade the court to enter a below-Guidelines sentence.  The court then allowed the Defendant to speak, and he did so.  When he had finished, the court asked whether the Defendant had "anything further," and the Defendant briefly continued.  The record shows that the Defendant was not denied his right of allocution, and that the Defendant has blatantly misrepresented the facts.

## B.

The Defendant apparently has confused his right of allocution with the court's discretionary decision as to whether to allow the defendant to represent himself while he is simultaneously represented by counsel.[1]  Regardless of how he presents the issue, his argument fails.

---

[1]So-called "hybrid representation."

"It is well settled that there is no constitutional right to hybrid representation." *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004) (citing *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987)). Moreover, Eastern District of Tennessee Local Rule 83.4(c) states that a defendant may not represent himself *pro se* after appearance of counsel unless the court has issued an order of substitution. The court may, however, in its discretion, "hear a party in open court, notwithstanding the fact that the party is represented by an attorney." *Id*.

A district court's refusal to allow hybrid representation will only constitute error if the district court abused its discretion in denying hybrid representation. *See Mosely*, 810 F.2d at 98. Here, the district court described the Defendant's lawyer as "a very able lawyer" and later as "a very competent and capable lawyer." The Defendant did not dispute that. Nor does the Defendant present any compelling arguments in his briefs that the district court abused its discretion in denying hybrid representation. Accordingly, the district court's refusal to allow the Defendant to represent himself while simultaneously represented by counsel was a proper exercise of its discretion.

**IV.**

The Defendant argues that the government breached its plea agreement with the Defendant when the government failed to file a motion requesting a downward departure from the Sentencing Guidelines. Because the United States explicitly retained "complete discretion in determining whether a departure motion will be filed," the government did not breach the plea agreement.

The plea agreement contained the following provision:

> The defendant acknowledges that . . . *the United States retains complete discretion in determining whether a departure motion will be filed* . . . . The defendant acknowledges that the decision as to whether to file any such motion is not

> reviewable by the court except under the limited circumstances set forth in . . . *Wade v. United States*, 504 U.S. 181 (1992).

(emphasis added). At both the sentencing hearing and the resentencing hearing, the government explained that the Defendant had cooperated, but that his cooperation did not rise to the level of substantial assistance. Because "the United States retain[ed] complete discretion in determining whether a departure motion will be filed," and it adequately explained why it did not file such a motion, it did not breach the plea agreement.

Additionally, the plea agreement prohibits the Defendant from seeking review of the government's decision not to file a motion for downward departure absent a showing that the prosecutor's refusal to file a motion for downward departure was based on an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992). Although the Defendant alleges that the United States refused to file a departure motion because of the Defendant's race and because the Defendant filed numerous documents in this court and the district court, he fails to provide any substantiation whatsoever for his claims, and the accused attorneys specifically deny the Defendant's claims. Therefore, the plain language of the agreement prohibits the review of the government's decision not to file a departure motion.

Accordingly, the government did not breach the plea agreement.

## V.

In his supplemental brief, the Defendant claims several errors were made at his sentencing. He alleges that the district court

> failed to begin at the proper base offense level, . . . gave an unreasonable amount of weight to one particular § 3553(a) factor, . . . relied on clearly erroneous findings of facts, failed to inquire into the substance of [defendant's] objections to [the

presentence investigation report], failed to adhear [sic] to a categorical approach [in determining whether a prior conviction was a predicate for career-offender status], and failed to consider all the § 3553(a) factors.

The Defendant also argues that the PSR was "lace[d] with errors and inaccuracies" regarding his classification as a career offender pursuant to § 4B1.1 and the computation of his criminal history points. For the reasons discussed below, none of these claims has merit.

**A.**

First, the district court did not err in determining that the Defendant was a career offender. This court must "first ensure that the district court committed no significant procedural error," *e.g.*, by failing to properly calculate the Guidelines range or consider the § 3553(a) sentencing factors, by selecting the sentence based upon clearly erroneous facts, or by failing to adequately explain the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because the Defendant did not object to the sentence when it was imposed, this court reviews the procedural component for plain error. *See United States v. Phillips*, 516 F.3d 479, 486-87 (6th Cir. 2008).

The PSR lists two prior aggravated assault[2] convictions, and the Defendant never objected to the PSR. Additionally, the Plea Agreement, which the Defendant knowingly and voluntarily signed, contains the following paragraph:

> As of May 29, 2001, the defendant had at least one prior conviction of a crime punishable by a term of imprisonment exceeding one year. Specifically, the defendant was convicted by the State of Tennessee of at least the following two offenses: (1) aggravated assault on June 21, 1993, and (2) aggravated assault on December 20, 2000.

---

[2]The Sentencing Guidelines explicitly list aggravated assault as a "crime of violence" for purposes of the career-offender provision. U.S.S.G. § 4B1.2 n.1.

In his supplemental brief, the Defendant attacks the court's use of his 2000 aggravated assault conviction as a predicate offense for career-offender status. Specifically, he alleges that he was actually charged with and convicted of a lesser offense—domestic assault— and that the documents indicating an aggravated assault conviction contained a "clerical error." However, the Defendant provides no evidence in support of his claim, and the copy of the indictment, which the Defendant himself attached to his brief, clearly shows that a state grand jury charged him with violating T.C.A. § 39-13-102, the Tennessee statute criminalizing aggravated assault. Morever, a defendant may not challenge the validity of a predicate state court conviction in a federal court proceeding except on the ground that the state conviction was obtained without the assistance of counsel. *Custis v. United States*, 511 U.S. 485, 496 (1994). Accordingly, the district court did not commit plain error in determining that the Defendant qualified as a career offender. The Defendant's arguments that the district court failed to begin at the proper base offense level, relied on clearly erroneous findings of facts, and failed to adhere to the categorical approach all fail.

Second, the district court did not fail to consider § 3553(a) factors. After correctly stating the Guidelines range and entertaining argument from the parties, the district court explicitly rejected the Defendant's argument that classifying him as a career offender would overstate the number and severity of his prior offenses. The district court specifically reviewed the § 3553(a) factors and concluded that a sentence of 151 months' imprisonment was "adequate, but not longer than necessary" to achieve the statutory objectives for sentencing. Accordingly, the Defendant has not shown, and is unable to show, that the district court committed plain error in considering the § 3553(a) factors.

**B.**

After finding that a sentence is procedurally sound, this court then considers whether the district court abused its discretion in selecting the length of the sentence. *Gall*, 552 U.S. at 56. A sentence may be substantively unreasonable if it is selected arbitrarily, is based upon impermissible factors, fails to properly account for pertinent § 3553(a) factors, or gives unreasonable weight to a particular factor. *See id*. at 56-58; *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). This court applies a presumption of reasonableness to sentences within the Guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008).

The Defendant is unable to show that the district court abused its discretion in selecting the length of the sentence. The record shows that the sentence was selected after careful consideration of the § 3553(a) factors. The sentence was within the Guidelines range, so it is presumed reasonable, and the Defendant has not rebutted that presumption. Accordingly, the Defendant's argument that the district court gave an unreasonable amount of weight to one particular § 3553(a) factor fails.

**VI.**

The Defendant's final argument is that the district court failed to determine that there was a factual basis for his guilty plea before entering judgment pursuant to Fed. R. Crim. P. 11(b)(3). This argument is not reviewable because this court remanded the Defendant's original appeal solely for resentencing and for reinstatement of some of the Defendant's collateral claims. The remand did not provide an opportunity for the Defendant to challenge his guilty plea.

Even if the Defendant could now challenge the district court's determination of the factual adequacy of his plea, his challenge would fail. Each count of the indictment was read in open court,

and the district court emphasized the essential elements of each count. The district court found that the "defendant is fully competent and capable of entering an informed plea and . . . his plea of guilty is a knowing and voluntary plea *supported by an independent basis in fact containing each of the essential elements of the offense.*" (emphasis added). Accordingly, the district court clearly met its Rule 11(b)(3) obligations. *See United States v. McCreary-Redd*, 475 F.3d 718, 722 (6th Cir. 2007) (noting that where a crime is easily understood, a summary of the charges in the indictment is sufficient to establish a factual basis under Rule 11).

## VII.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.