NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0283n.06

No. 11-1958

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Mar 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KEVIN GERALD BOGUTH, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM.  Kevin Gerald Boguth appeals the district court's judgment in his criminal case.  Boguth's counsel has filed a motion to withdraw his representation in accordance with *Anders v. California*, 386 U.S. 738 (1967).

Pursuant to a plea agreement, Boguth pled guilty to misapplication of bank funds in violation of 18 U.S.C. § 656.  The district court determined that, based on Boguth's total offense level of twenty and his criminal history category of II, his advisory sentencing guidelines range was thirty-seven to forty-six months of imprisonment.  The court sentenced Boguth to forty months of imprisonment.

Boguth's appellate counsel has moved to withdraw, stating that he has examined the record and found no non-frivolous grounds to raise on appeal.  Counsel identified several potential issues that may support an appeal:  1) Boguth's guilty plea was invalid; 2) the district court improperly assessed two criminal history points when determining Boguth's criminal history category; 3) the sentence was unreasonable; and 4) the district court erred by failing to grant a downward departure under USSG § 4A1.3(b)(1), because Boguth's criminal history category substantially overstated the

seriousness of his criminal history. Boguth was notified of his right to respond to counsel's motion, but has not done so. Further, the deadline for Boguth to file a response has now passed. Because counsel has filed an acceptable *Anders* brief and our independent review of the record reveals no arguable issues, we grant the motion to withdraw and affirm the district court's judgment. *See Anders*, 386 U.S. at 744.

Boguth entered a valid guilty plea. We review de novo the validity of a guilty plea. *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently. *Bousley v. United States*, 523 U.S. 614, 618 (1998). In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Dixon*, 479 F.3d at 434 (internal quotation marks omitted). The record indicates that the district court complied with the requirements of Rule 11 and properly determined that Boguth knowingly and voluntarily entered his guilty plea.

Our independent review of the record reveals no non-frivolous basis on which to challenge Boguth's sentence, which is both procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court properly assessed two criminal history points under USSG § 4A1.1(b) for Boguth's prior convictions for writing bad checks because these offenses are considered relevant conduct for purposes of Boguth's current offense of misapplication of bank funds. *See* USSG §§ 4A1.1(b) & 4A1.2 cmt. n.1; *United States v. Phillips*, 516 F.3d 479, 483 (6th Cir. 2008). The district court properly calculated the sentencing guidelines range, recognized the advisory nature of the guidelines, gave proper consideration to the relevant 18 U.S.C. § 3553(a) factors, and gave a thorough explanation of its chosen sentence. *See Gall*, 552 U.S. at 51. Finally, we will not review a district court's failure to grant a downward departure under § 4A1.3(b)(1) where, as here, the court recognizes its discretion to depart, but declines to do so. *See United States v. Johnson*, 553 F.3d 990, 998-99 (6th Cir. 2009).

Therefore, we grant counsel's motion to withdraw and affirm the district court's judgment.