**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0657n.06

No. 10-5755

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 21, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| JOHNNIE BENJIMAN DAVIS, II, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; GRIFFIN, Circuit Judge; COHN, District Judge.[*]

PER CURIAM. Johnnie Benjiman Davis, II, appeals the 420-month sentence imposed by the district court on remand for resentencing. For the reasons set forth below, we affirm.

In 2007, a federal grand jury charged Davis in connection with four armed robberies committed over a two-week period. Davis pleaded guilty to two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Davis's guideline sentence was the statutory minimum of thirty-two years (384 months) of imprisonment. *See* USSG § 2K2.4(b). The government asked the district court to sentence Davis above the statutory minimum because, four days before his co-defendant's trial, Davis recanted his prior statements about the co-defendant's involvement in the robberies. The district court agreed and,

---

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

analyzing to an enhancement for obstruction of justice, sentenced Davis to thirty-six months above the statutory minimum for a total of 420 months of imprisonment.

Davis appealed his sentence. Concluding that the district court failed to explain adequately why the sentencing factors under 18 U.S.C. § 3553 supported a sentence longer than the statutory minimum and failed to make a clear finding that the 420-month sentence was "not greater than necessary" to comply with the purposes of § 3553, we vacated Davis's sentence and remanded for resentencing.

On remand, the district court stated that it was taking Davis's "recantation off the table" and taking "a complete, fresh look at the case." Considering the § 3553 factors and the seriousness of Davis's crimes in particular, the district court noted that the guideline sentence failed to capture all relevant conduct in the case by not accounting for two of the armed robberies and that the number of victims and the potential for injury made "a strong case for a much higher sentence." The district court again sentenced Davis to 420 months of imprisonment and specifically found that the sentence "was sufficient but not greater than necessary to comply with the purposes of" § 3553.

This timely appeal followed. We review criminal sentences for procedural and substantive reasonableness "under the deferential abuse-of-discretion standard." *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). Davis asserts that his sentence is "both procedurally and substantively unreasonable," but he fails to identify any specific procedural error. Davis contends that his "sentence is unreasonably harsh and greater than necessary to effectuate the purposes of justice," which is "[t]he essence of a substantive-reasonableness claim." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable

when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). In reviewing for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*.

Davis argues that, all other factors being the same, the removal of the impermissible reason for imposing a sentence above the statutory minimum should have resulted in a lower sentence. We did not conclude in our prior decision that Davis's recantation was an "impermissible" consideration; we merely held that the district court provided an inadequate explanation. Our general remand allowed the district court to resentence Davis de novo, "which means that the district court may redo the entire sentencing process including considering new evidence and issues." *United States v. Moore*, 131 F.3d 595, 597 (6th Cir. 1997). Because the district court took "a complete, fresh look at the case," a lower sentence did not necessarily follow from removing Davis's recantation from the analysis.

According to Davis, the guideline sentence of the statutory minimum already takes into consideration the seriousness of his offenses. But, as the district court pointed out, the guideline sentence did not account for all relevant conduct, specifically the other two armed robberies. *See United States v. Phillips*, 516 F.3d 479, 483 n.4 (6th Cir. 2008) (noting that conduct underlying counts dismissed pursuant to a plea agreement may be considered in sentencing).

Davis also contends that his lack of criminal history supports imposition of the statutory minimum. The district court specifically considered Davis's lack of criminal history points, but went on to focus on the seriousness of his offenses. According to the district court, the seriousness of Davis's offenses as well as their escalation over a short period of time suggested the need to afford deterrence and to protect the public from further crimes. While the commentary to USSG § 2K2.4 states that "[a] departure may be warranted, *for example*, to reflect the seriousness of the defendant's criminal history," USSG § 2K2.4 comment. (n.2(b)) (emphasis added), it does not preclude an upward variance based on factors other than criminal history.

Finally, Davis argues that the district court improperly compared his sentence to the sentences of defendants with various criminal records who had been convicted of different crimes, rather than the sentences of "defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The district court looked to its sentencing of "hundreds and hundreds of people who've committed violent crimes" and specifically noted differences in criminal histories. We find no abuse of discretion in the district court's disparity analysis.

Considering the totality of the circumstances, we affirm Davis's 420-month sentence.