NOT RECOMMENDED FOR PUBLICATION
FILE NAME: 24A0076N.06

Case No. 23-1171

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 22, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL ANTHONY GRANADO,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: BATCHELDER, STRANCH, and DAVIS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The defendant appeals his sentence after pleading guilty to being a felon in possession of a firearm. We AFFIRM.

**I.**

After conducting three controlled buys, during which a confidential informant purchased cocaine base from Michael Granado, police obtained a search warrant for Granado's residence, car, and cell phone. When the police executed the warrant, they found Granado in his bedroom, where they also found a loaded handgun and a digital scale with white powdery residue. In Granado's car, parked in the driveway, police found two grams of cocaine base and 0.76 grams of suspected heroin. On Granado's cell phone, police found photographs of guns and drugs, text messages about sales of guns and drugs, and videos that Granado had posted to YouTube that depicted him with at least five different guns, some of which were machine guns.

A federal grand jury indicted Granado as a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) and § 924(a)(8), and Granado entered a guilty plea without a plea agreement.

The presentence report (PSR) began with a base offense level of 26 because the guns in the YouTube videos were semi-automatic firearms capable of accepting large capacity magazines, and Granado had three prior felony convictions for controlled-substance offenses. U.S.S.G. § 2K2.1(a)(1). The PSR added two levels due to the six total firearms (the one seized and the five in the YouTube videos), § 2K2.1(b)(1)(A); added one level because the seized firearm had previously been reported stolen, § 2K2.1(b)(4)(A); and added four levels because Granado possessed the firearm in connection with the controlled-substance offense, § 2K2.1(b)(6)(B). But the PSR subtracted three levels for acceptance of responsibility, § 3E1.1(a) & (b), for a total offense level of 30. Combined with a criminal-history category of V, the advisory guidelines range was 151 to 188 months. Because the statutory maximum was 180 months, the adjusted range was 151 to 180 months.

Granado raised several objections to the PSR, including the two challenges he presses in this appeal: that the YouTube videos did not depict relevant conduct, and that there was no connection between the gun seized during the search and the felony drug offense that was the basis for the warrant. At sentencing, the district court found that the YouTube videos depicted the same course of conduct (possession of firearms) as the charged offense and were sufficiently connected temporally. And the court found the gun was connected to the drug offense because the gun was found in the bedroom with the scale (and apparent drug residue), and drugs were found in the car, which Granado drove to the controlled buys and which was parked in the driveway of the house where the gun was found. The district court rejected Granado's objections and accepted the PSR's guidelines calculations. But based on its assessment of the § 3553 factors, the court departed downward, reducing Granado's criminal history category from V to IV, which resulted in an advisory range of 135 to 168 months. The court sentenced Granado to 144 months.

**II.**

"A sentence is procedurally unreasonable if, among other things, the district court improperly calculates the Guidelines range. . . ." *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022) (editorial marks, quotation marks, and citations omitted). In this appeal, Granado argues that the district court miscalculated the advisory guidelines range in two ways.

First, Granado argues that the district court erred by finding that his brandishing of machine guns in the YouTube videos was "relevant conduct" in calculating his advisory range. The government asserts that whether an activity is considered "relevant conduct" is a fact question that we review for clear error. Granado argues that our review is de novo. We have previously recognized "conflicting caselaw in this circuit about whether a district court's determination that certain activity qualifies as relevant conduct under § 1B1.3(a)(2) constitutes a factual finding or a legal conclusion." *United States v. Caballero-Lazo*, 788 F. App'x 1014, 1015 (6th Cir. 2019) (quoting *United States v. Shafer*, 199 F.3d 826, 830 (6th Cir. 1999)) (quotation marks omitted). But because we find that the activity here is relevant conduct even under de novo review, we need not decide the issue today.

Granado argues that his possession of the handgun seized from his bedroom, which is the basis of the felony charge, was a different modus operandi or course of conduct from his possession of the guns in the YouTube videos because the former was for self-defense whereas the latter was for entertainment. To this end, Granado relies on U.S.S.G. § 2K2.1, Application Note 14(E)(ii), which explains that if "two unlawful possession offenses were not 'part of the same course of conduct or common scheme or plan,' then the [prior, uncharged] possession offense is not relevant conduct to the [charged] possession offense and subsection (b)(6)(B) does not apply."

The government responds that Granado's separate gun-possession offenses are "part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of . . . [an] ongoing series of offenses," based on "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3, App. Note 5(B)(ii). Granado was shown to have possessed firearms on five occasions over a three-year span: December 2019, December 2020, July 2021, and June 2022 (the four dates he posted the YouTube videos), as well as September 2022, when the police seized the handgun from his bedroom. On each occasion, Granado was a convicted felon prohibited from possessing a firearm, so these were identical offenses. *See United States v. Phillips*, 516 F.3d 479, 485 (6th Cir. 2008) ("The relevant conduct—illegally possessing firearms as a felon—is identical to the offense of conviction."). And five times over three years constitutes an "ongoing series of offenses." *See id.* at 482-83 (finding uncharged gun possession in August 2002 and March 2006 relevant conduct to the charged gun possession offense in May 2004).

As for Granado's claim that his YouTube videos—in which music plays while he poses with guns and cigars—were purely for entertainment, unrelated to drug trafficking or self-protection, certain additional context is warranted. Granado is an admitted gang member and a convicted drug trafficker. And the videos depict Granado showing drugs and cash as well as brandishing the guns. We have previously found it reasonable to surmise that a defendant's "possessing numerous firearms" in photographs or videos was to "demonstrate his power and intent to exercise control over said firearms," *United States v. Lunato*, 763 F. App'x 483, 487 (6th Cir. 2019), for the apparent purpose of "protection, intimidation, and conceit," *United States v. Harrison*, No. 19-6122, 2020 WL 8921413, at *5 (6th Cir. Oct. 28, 2020). Granado cannot explain this away by representing it as simply entertainment. The district court properly determined that

4

Granado's illegal possession of the firearms in the YouTube videos was relevant conduct to his illegal possession of the seized handgun.

Next, Granado argues that the district court erred by applying the four-level enhancement for use or possession of a firearm in connection with another felony, § 2K2.1(b)(6), namely his trafficking of cocaine. "In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, we review the district court's factual findings for clear error and accord *due deference* to the [] determination that the firearm was used or possessed in connection with the other felony, thus warranting the application of the enhancement." *United States v. Seymore*, 739 F.3d 923, 929 (6th Cir. 2014) (editorial marks, quotation marks, and citations omitted; emphasis added). Under this standard, "when a defendant challenges the district court's determination that the firearm was used or possessed 'in connection with' the other felony offense—i.e., that there was a nexus between the firearm and the felony—that inquiry is necessarily fact-specific and thus better examined by the district court." *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019) (editorial marks, quotation marks, and citations omitted).

To justify the § 2K2.1(b)(6)(B) firearm enhancement, the government must show "a nexus between the firearm and an independent felony, meaning that the possession of the firearm cannot be merely coincidental." *United States v. Henry*, 819 F.3d 856, 868 (6th Cir. 2016) (quotation marks and citations omitted). But "demonstrating this nexus is not a particularly onerous burden." *United States v. Davis*, 372 F. App'x 628, 629 (6th Cir. 2010). The enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1, App. Note 14(B). Based on the drugs seized from his car in the driveway and that he drove his car to the three controlled buys at a store approximately two blocks away, the district court determined that Granado was selling

5

drugs from his home where the gun was seized. But the court found a nexus based on the digital scale (i.e., evidence of drug dealing) located in the bedroom, thus in proximity to the gun.

Granado argues that his possession of the handgun in the bedroom was merely coincidental to his drug dealing in the controlled buys, because a digital scale alone does not establish the requisite nexus. But we have long held that scales are instruments of the drug trade. *United States v. Stewart*, 306 F.3d 295, 327 (6th Cir. 2002). *See also United States v. McCoy*, 905 F.3d 409, 419 (6th Cir. 2018) ("electronic scales" are "hallmarks of drug trafficking"); *United States v. Orozco*, 716 F. App'x 390, 398 (6th Cir. 2017) (police "seized drug distribution paraphernalia such as digital scales"); *United States v. Felix*, 711 F. App'x 259, 263 (6th Cir. 2017) ("Police found a myriad of drug crime instruments at the house, including . . . a set of digital scales." (quotation marks omitted)); *United States v. Fudge*, 175 F. App'x. 694, 698 (6th Cir. 2006) (digital scales are "classic trappings of drug dealing").

Given the deference due to the district court and its determination that the gun was found in close proximity to drug trafficking equipment, we affirm the court's application of the enhancement based on Granado's possession of a firearm in connection with another felony.

**III.**

For the forgoing reasons, we AFFIRM the judgment of the district court.

6