No. 22-822 – *State of West Virginia v. David Hunter Lewis*

**FILED**

**June 2, 2025**

**released at 3:00 p.m.**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, Justice, concurring, and joined by Justice Armstead:

I agree that under the circumstances of this case—where the State presented widespread inadmissible evidence regarding the victim—Mr. Lewis demonstrated plain error requiring this Court to vacate his convictions and remand for a new trial. I write separately to emphasize two principles. First, the majority opinion fails to sufficiently address that the defendant bears the significant burden of demonstrating prejudice from any error deemed plain. Second, the majority opinion should not be read to constrain the storytelling ability of the prosecutor in a criminal trial.

The issue before us, essentially, is whether the circuit court plainly erred by allowing the State to present testimony relating to the victim's good character, as well as the State's references to the same in its opening statement and closing argument. Because Mr. Lewis failed to object, except in two minor instances, the majority correctly reviewed Mr. Lewis's assignment of error pursuant to the plain error doctrine.

It is well established that, "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). I agree with the majority's

1

conclusion that there was an error that was plain, affected Mr. Lewis's substantial rights, and seriously affected the judicial proceedings. I write separately to highlight that under the third prong in a plain error analysis—that the plain error affected the defendant's substantial rights—*the defendant* bears the burden of demonstrating prejudice. This Court has consistently declared that a defendant who fails to object to a perceived error has the burden to demonstrate that the error prejudiced the defendant:

> Assuming that an error is "plain," the inquiry must proceed to its last step and a determination made as to whether it affects the substantial rights of the defendant. To affect substantial rights means the error was prejudicial. It must have affected the outcome of the proceedings in the circuit court, and *the defendant rather than the prosecutor bears the burden of persuasion with respect to prejudice.*

Syl pt. 9, *Miller*, 194 W. Va. 3, 459 S.E.2d 114 (emphasis added). *See also State v. Todd C.*, 250 W. Va. 642, 660, 906 S.E.2d 295, 313 (2023) ("Importantly, plain error review places on the *defendant* the burden of proving prejudice[.]"). Furthermore, "[e]stablishing plain error is no easy feat[.]" *Todd C.*, 250 W. Va. at 659, 906 S.E.2d at 312.[1] To show that this plain error affected his substantial rights, Mr. Lewis must "demonstrate the jury verdict in his . . . case was actually affected by the assigned but unobjected to error." Syl. pt. 3, in part, *State v. Marple*, 197 W. Va. 47, 475 S.E.2d 47 (1996).

---

[1] Courts have referred to this burden as a heavy one. *See, e.g.*, *United States v. Phillips*, 516 F.3d 479, 487 (6th Cir. 2008) ("This is a heavy burden for [the defendant] to bear, for 'the plain error doctrine is to be used sparingly, only in exceptional circumstances, and solely to avoid a miscarriage of justice.'" (quoting *United States v. Cox*, 957 F.2d 264, 267 (6th Cir. 1992))).

Here, Mr. Lewis satisfied his heavy burden by demonstrating that the error prejudiced his substantial rights. Evidence of the victim's good character was simply not relevant to whether Mr. Lewis committed the crimes charged, yet it was repeatedly injected into the trial. To the extent that the State suggests that the evidence was permissible pursuant to Rule 404(a) of the West Virginia Rules of Evidence because, in a homicide case a prosecutor may offer evidence of the alleged victim's trait of peacefulness to rebut evidence that the victim was the first aggressor, that argument is meritless. Mr. Lewis neither raised self-defense nor did he assert that "the victim was the first aggressor." *See* W. Va. R. Evid. 404(a)(2)(C). [2]

The State emphasized the victim's good character from the very beginning of the trial in its opening statement. The State then questioned multiple witnesses about the victim, intentionally eliciting extensive testimony about the victim's good character, and then ultimately highlighted the irrelevant, impermissible evidence during its closing argument. Simply put, the State presented an overwhelming amount of improper character evidence about the victim. Additionally, as noted by the majority, while it is essentially undisputed that Mr. Lewis shot and killed the victim, the State presented very limited

---

[2] As the majority correctly states, "The reason for the rule is obvious: evidence of the victim's good character is irrelevant to the defendant's guilt or innocence and is almost always highly prejudicial in that it invokes sympathy for the victim and anger toward the defendant." Maj. Op. at 11.

evidence of malice or Mr. Lewis's intent.[3] The critical issue for the jury to decide in this

case concerned the degree of murder. The State improperly placed the victim's character

on the same scale as Mr. Lewis's guilt through these repeated, improper references.

Therefore, Mr. Lewis established that his substantial rights were affected because of the

pervasive and overwhelming nature of the good character evidence, coupled with the fact

that the ultimate issue for the jury to decide was the degree of murder.

While Mr. Lewis met his burden of establishing prejudice in this matter, I

further write separately to stress that the majority opinion should not be read to constrain a

prosecutor's ability to tell the story necessary to presenting a case to the jury. While

prosecutors are certainly bound by the West Virginia Rules of Evidence, depending on the

circumstances of a case, a prosecutor may need to describe a victim and his or her traits,

activities, and habits, if that evidence is essential to the whole story.[4] "The

---

[3] However, as noted by the majority, Mr. Lewis does not challenge on appeal the sufficiency of the evidence to support his conviction.

[4] *See* Anthony G. Amsterdam & Randy Hertz, *An Analysis of Closing Arguments to a Jury*, 37 N.Y.L. Sch. L. Rev. 55, 58 (1992) ("[A] trial lawyer has great latitude in choosing what story [to] tell and how [to] tell it even when . . . arguing a relatively uncomplicated case. Although the lawyer's range of choice is circumscribed by the evidence, by the substantive law, by procedural rules, and by the stock scripts that shape everybody's notions of what a closing argument should look like, lawyers nonetheless retain the power to construct widely diverse tales beneath a superficial semblance of sameness and conventionality."). *Cf. State v. Duong*, 257 P.3d 309, 315-16 (Kan. 2011) ("[W]e grant prosecutors considerable latitude to address the weaknesses of the defense."); *People v. Millwee*, 954 P.2d 990, 1014 (Cal. 1998) ("[T]he prosecutor is not prohibited from identifying traits that made the victim particularly vulnerable to attack where such facts bear on the charged crimes and are not otherwise inadmissible on their face."); *People*

prosecution . . . is entitled to fashion its own case and present a continuing, logical story to satisfy its ultimate burden." *United States v. Basham*, 789 F.3d 358, 386 (4th Cir. 2015). This principle that the State should be permitted to prove its case by telling the jury the complete story is often discussed by courts in the context of a defendant's offered stipulations, where prosecutors are generally permitted to put on evidence, rather than relying on bare stipulations or admissions. The Supreme Court of the United States recognized "the familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Old Chief v. United States*, 519 U.S. 172, 186-87, 117 S. Ct. 644, 653, 136 L. Ed. 2d 574 (1997).[5] The prosecution's ability to present evidence of its choice, rather than relying on a defendant's stipulation or admission, allows the prosecution "to present to the jury a picture of the events relied upon," while a "naked admission might have the effect to rob the evidence of much of its fair and legitimate weight." *Parr v. United States*,

---

*v. Terry*, 370 P.2d 985, 999 (Cal. 1962) ("[P]rosecuting attorneys are allowed a wide range of descriptive comment . . . which are reasonably warranted by the evidence.").

[5] Ultimately, the Supreme Court found that a defendant's stipulation to a prior criminal conviction, which was an element of the charged offense, precluded the prosecution from offering additional evidence on this point. *Old Chief v. United States*, 519 U.S. 172, 191, 117 S. Ct. 644, 655, 136 L. Ed. 2d 574 (1997). However, this holding was "limited to cases involving proof of felon status." *Id.*, 519 U.S. at 183 n.7, 117 S. Ct. at 651 n.7, 136 L. Ed. 2d 574. *See also United States v. McCourt*, 468 F.3d 1088, 1091 (8th Cir. 2006) ("[T]he Court expressly limited its holding to cases where proof of convict status is at issue[.]" (quotations and citation omitted)).

5

255 F.2d 86, 88 (5th Cir. 1958) (quotations and citation omitted), *cert. denied*, 358 U.S. 824, 79 S. Ct. 40, 3 L. Ed. 2d 64 (1958).[6] Therefore, while I agree with the majority's conclusion that the State impermissibly emphasized the victim's character in this case, I write to remind lower courts that the State must be able to determine how to tell the story of the case—which often includes information regarding an alleged victim—within the bounds of the Rules of Evidence.

For these reasons, I respectfully concur with the majority's opinion in this case. I am authorized to state that Justice Armstead joins me in this concurrence.

---

[6] *See also United States v. Ellison*, 793 F.2d 942, 949 (8th Cir. 1986) ("Generally, the government is not bound by a defendant's offer to stipulate to an element of a crime. . . . The rationale for the rule is to enable the government to present to the jury a complete picture of the events constituting the crime charged."), *cert. denied*, 479 U.S. 937, 107 S. Ct. 415, 93 L. Ed. 2d 366 (1986).