*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0030P (6th Cir.)
File Name: 01a0030p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee,*

　　　*v.*

GARY DUANE HARRIS
(99-5846); ANTHONY
CHARLES GAINES (99-5858),
　　　*Defendants-Appellants.*

Nos. 99-5846/5858

Appeal from the United States District Court
for the Western District of Kentucky at Paducah.
No. 96-00024—Edward H. Johnstone, District Judge.

Argued: December 7, 2000

Decided and Filed: January 30, 2001

Before: MERRITT, KENNEDY, and GILMAN, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** Scott T. Wendelsdorf, WESTERN KENTUCKY
FEDERALS OFFICE, FEDERAL COMMUNITY
DEFENDER, INC., Louisville, Kentucky, Len W. Ogden, Jr.,
Paducah, Kentucky, for Appellants. Terry M. Cushing,

1

ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellee. **ON BRIEF:** Scott T. Wendelsdorf, WESTERN KENTUCKY FEDERALS OFFICE, FEDERAL COMMUNITY DEFENDER, INC., Louisville, Kentucky, Len W. Ogden, Jr., Paducah, Kentucky, for Appellants. Terry M. Cushing, Marisa J. Ford, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

The court delivered a PER CURIAM opinion. MERRITT, J. (p. 5), delivered a separate dissenting opinion.

———————————

## OPINION

———————————

PER CURIAM.   On April 1, 1996, Gary Harris and Anthony Gaines were planning to rob a  convenience store located on the grounds of the U.S. Army base at Fort Campbell, Kentucky.   As they waited for an opportune moment to enter the store, two soldiers, Michael Alonso and Gorge Lopez, walked toward the store. Harris and Gaines pulled bandanas over their faces and confronted the soldiers. Gaines told them to "Back up" and brandished a revolver, which discharged, hitting Alonso in the neck.  Harris and Gaines ran away; Alonso eventually died from his wounds.

Following their arrest, the Government charged the two defendants with one count of unlawfully killing another human being within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2 and 1111; one count of attempted robbery, in violation of 18 U.S.C. §§ 2 and 2111; and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).  The defendants originally appealed the district court's decision to sentence them as adults (they were both under eighteen at the time of the original proceeding), but they waived those claims at oral argument before this court.  As a result, we have only one issue to decide: whether the district court was correct in

sentencing the two defendants using a base offense level of 43.

This appeal stems from the fact that when the government indicted the defendants, it did not specify whether the indictments were for first or second degree murder. As a result, the district court ruled that the defendants were only charged with murder in the second degree, even though the defendants' conduct could plausibly have led to their being charged with murder in the first degree. In order to take advantage of this unexpected good fortune, the defendants pled guilty to the second degree murder charge. Notwithstanding the indictment and plea, however, the district court assigned the defendants a base offense level of 43, which is consistent with the more severe first degree murder charge. Therefore, the defendants were indicted for and pled guilty to only second degree murder but received a first degree murder sentence of 480 months of imprisonment. Had the district court not applied U.S. Sentencing Guidelines § 2A1.1, the defendants would have been sentenced using a base offense level of only 33 and received only 168 and 210 months of imprisonment (using criminal history category III). The decision to use the higher offense level was based on the cross-reference found in the U.S. Sentencing Guidelines § 2B3.1(c)(1), which states that: "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply [U.S. Sentencing Guidelines] § 2A1.1 (First Degree Murder)." U.S.S.G. § 2B3.1.

The district court's application of the § 2B3.1 cross-reference was specifically mandated by our decision in *United States v. Poindexter*, 44 F.3d 406, 410 (6th Cir. 1995), which affirmed the use of the higher offense level in a case where "death results from the commission of certain felonies." U.S.S.G. § 2A1.1, cmt. n.1. In Harris and Gaines' case, there is no question that death resulted from the defendants' commission of robbery, which is one of the felonies

specifically delineated in the federal murder statute, 18 U.S.C. § 1111. As a result, the district court was required by our previous decision to apply the cross reference found in U.S.S.G. § 2B3.1. *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), does not alter our holding *Poindexter* because the sentence imposed does not exceed the statutory maximum for the crime charged in the indictment. Accordingly, we affirm the district court's decision to use a base offense level of 43 and to sentence each of the defendants to 480 months of imprisonment.

_____

## DISSENT

_____

MERRITT, Circuit Judge, dissenting. I write to point out the injustice inherent in sentencing a defendant charged with second degree murder using the first degree murder guidelines. Perhaps this sentencing decision is consistent with the letter of *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), because it does not sentence the defendants to terms of imprisonment in excess of the statutory maximum, nor does it alter the range of penalties to which the defendants are exposed. But both the holding in *Poindexter* and the fundamental basis of our decision in the instant case are clearly contrary to the spirit of *Apprendi*, which says that factual issues having a significant impact on the defendant's sentence should be charged in the indictment and proved to a jury beyond a reasonable doubt. The *Apprendi* approach seems to me to disfavor the current judicial and prosecutorial practice of not giving notice by indictment of the real crime at issue and of leaving most of the more salient factual disputes for the sentencing hearing, where the burden of proof is the less rigorous "preponderance of the evidence" standard and the hearsay rules do not apply. Following the logic of *Apprendi*, the government should not have been able to cure its charging error simply by convincing a judge outside the normal rules of evidence that the preponderance of the evidence indicated that Harris and Gaines committed first degree murder. This is consistent with my longstanding belief that the Sentencing Guidelines -- as interpreted in *Poindexter* and our previous cases -- violate the Due Process Clause. *See, e.g., United States v. Davern*, 970 F.2d 1490, 1500 (6th Cir. 1992) (en banc) (Merritt, C.J., dissenting).