**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Keith WOODS, Defendant–
Appellant,**

No. 00–5656.

United States Court of Appeals,
Sixth Circuit.

April 9, 2002.

Before NORRIS, SILER, and GILMAN, Circuit Judges.

## OPINION

PER CURIAM.

Defendant Donald Keith Woods was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and of possession with the intent to distribute cocaine, 21 U.S.C. § 841(a). On appeal, defendant contends that the district court violated the holding of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it sentenced him.

On May 27, 1999 a grand jury returned a four-count superseding indictment charging defendant with one count of being a felon in possession of a firearm and three counts of possession of cocaine with intent to distribute. A jury subsequently found defendant guilty on all but one drug trafficking count. Defendant does not dispute the legitimacy of his convictions. Accordingly, we omit a recitation of the underlying facts and instead focus exclusively upon sentencing.

Because of his extensive criminal record, which included, among other things, convictions for rape, crimes against nature, burglary, and assault, the district court sentenced defendant pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), which provides in part as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). This circuit has construed this statute to authorize a maximum sentence of life imprisonment. *United States v. Wolak,* 923 F.2d 1193, 1199 (6th Cir.1991).

The district court sentenced defendant to 280 months of imprisonment for the felon-in-possession charge and to a concurrent sentence of the same length for one of

his two drug trafficking convictions. It also imposed a concurrent sentence of 240 months' on the second drug trafficking count.

Although the district court sentenced defendant before the Supreme Court issued its *Apprendi* decision, it is undisputed that *Apprendi* applies to cases pending on direct appeal. *United States v. Hough*, 276 F.3d 884, 890 (6th Cir.2002) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (holding "that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final")).

■ With respect to the sentence imposed for the felon-in-possession count, 18 U.S.C. § 922(g)(1), defendant contends that, but for the applicability of the Armed Career Criminal Act, 18 U.S.C. § 942(e), his maximum exposure would have been ten years of imprisonment. Because of his criminal history, however, he faced a life sentence. Defendant concedes that *Apprendi* expressly recognized that "the fact of a prior conviction remains within the province of the court to determine, and need not be submitted to a jury," *United States v. Neuhausser*, 241 F.3d 460, 467 (6th Cir.2001) (citing *Apprendi* ). However, he urges us to anticipate that the Supreme Court will soon extend the reach of *Apprendi* by eliminating this "prior convictions" exception. For obvious reasons, we decline the invitation. This court is bound by the law as currently defined by the Supreme Court. Where, as here, the Court has explicitly spoken to an issue, it is not within the scope of our authority to render decisions based upon possible future developments.

■ Count 2 of the superseding indictment charged defendant with possession of 17.5 grams of cocaine base with the intent to distribute it. The jury did not determine the amount of cocaine base involved. Nevertheless, the district court sentenced defendant to a concurrent sentence of 280 months of imprisonment based upon its finding of quantity by a preponderance of the evidence. The government concedes that, pursuant to *Apprendi*, defendant faced a maximum sentence of 240 months of imprisonment because 21 U.S.C. § 841(b)(1)(C) sets that as the statutory maximum for possession of less than five grams of cocaine base. Because a jury did not find the amount of cocaine in question beyond a reasonable doubt, defendant's sentence with respect to this count must be vacated to allow for re-sentencing consistent with *Apprendi*. Contrary to defendant's contention is his brief, however, he is not entitled on remand to receive the statutory minimum sentence for a violation of 21 U.S.C. § 841(b)(1)(C). He offers no support for this assertion, nor have we found any.

■ Finally, defendant contends that upward adjustments to his base offense level must be found beyond a reasonable doubt. Defendant's pre-sentence report included a number of such adjustments: the offense included eight to twelve firearms (3 level adjustment); involved a stolen firearm (2 level adjustment); and the firearms were possessed in connection with another felony offense (4 level adjustment). In an argument analogous to the one already advanced, defendant urges us to extend *Apprendi* to the Guidelines' enhancements. This court has declined to require that enhancements imposed pursuant to the Guidelines be found by a jury beyond a reasonable doubt as long as the sentence imposed does not exceed the statutory maximum. *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir.2001); *United States v. Harris*, 238 F.3d 777, 779 (6th Cir.2001). In this case, the sentences imposed for the various convictions did not

exceed the statutory maximum (with the exception of the one drug trafficking count already discussed.) One panel of this court may not overrule a published decision of another panel. *See United States v. Smith,* 73 F.3d 1414, 1418 (6th Cir.1996) (stating that pursuant to custom, tradition and Sixth Circuit rules, a panel's published decision is binding on subsequent panels unless an "inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision").

The sentence imposed by the district court with respect to Count 2 of the indictment is therefore **vacated** and the cause **remanded** for re-sentencing consistent with this opinion. The sentences imposed for the remaining two counts of conviction are **affirmed.**