**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donald Keith WOODS, Defendant–
Appellant.**

**No. 03–5244.**

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Tony R. Arvin, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Robert C. Brooks, Memphis, TN, for Defendant–Appellant.

Before MERRITT and SUTTON, Circuit Judges; and FEIKENS, District Judge.*

_____

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Donald Keith Woods, a federal prisoner proceeding through counsel, appeals a sentence imposed upon remand. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, a jury convicted Woods of possessing a firearm as a convicted felon (Count 1), possessing cocaine base with intent to distribute (Count 2), and possessing cocaine with intent to distribute (Count 3). The district court sentenced Woods to concurrent prison terms of 280 months for Count 1, 280 months for Count 2, and 240 months for Count 3. On appeal, this court affirmed Woods's sentences on Counts 1 and 3, but vacated the sentence for Count 2 because it violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Woods*, 39 Fed.Appx. 72 (6th Cir.2002) (unpublished). Approximately nine months later on December 30, 2002, Woods filed a pro se motion to dismiss Count 2, arguing that the delay in resentencing violated his right to a speedy trial. The district court then conducted a resentencing hearing on January 29, 2003, denied Woods's motion to dismiss, and sentenced Woods to 240 months in prison on Count 2, to be served concurrently to his other prison terms.

In his timely appeal, Woods again argues that the delay in resentencing violated his right to a speedy trial. He contends that the delay was unreasonably long, the government did nothing to ensure that he was promptly resentenced, and he suffered potential prejudice because he has had to delay filing a 28 U.S.C. § 2255 motion to vacate sentence.

Questions of law concerning claims of unreasonable delay in criminal cases are reviewed de novo, and questions of fact are reviewed for clear error. *United States v. Thomas*, 167 F.3d 299, 303 (6th Cir.1999). This court has assumed without deciding that the Sixth Amendment guarantees a right to a speedy resentencing. *Id.*

The district court properly concluded that Woods's speedy trial rights were not violated. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). First, the length of the delay in resentencing was less than the one-year period which courts generally agree is presumptively prejudicial. *See Thomas*, 167 F.3d at 304. Second, the prosecution did nothing to cause the delay. Third, Woods did not promptly assert his Sixth Amendment claim, but waited several months before doing so. Finally, Woods did not suffer any prejudice from the delay, in part because this court had already affirmed his convictions and two of his sentences on direct appeal. *See id.* at 303 n. 4. No oppressive incarceration could have occurred as Woods's total term of incarceration was not going to be affected by resentencing. Woods did not allege any anxiety or concern resulting from the delay, nor did he specify how the delay would impair his ability to litigate any claim he intends to raise in his § 2255 motion.

Accordingly, the district court's judgment is affirmed.