RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0065p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: JOHN W. FRANKLIN,

*Movant.*

No. 19-6093

On Motion for Leave to File a Second or Successive Motion to Vacate.

United States District Court for the Eastern District of Kentucky at Lexington.
Nos. 5:06-cr-00082-1; 5:10-cv-07112—Joseph M. Hood, District Judge.

Decided and Filed:  March 3, 2020

Before:  NORRIS, SUTTON, and BUSH, Circuit Judges.

_____

## COUNSEL

**ON MOTION:**  John W. Franklin, Bennettsville, South Carolina, pro se.  **ON RESPONSE:** Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Respondent.

_____

## ORDER

_____

PER CURIAM.  John W. Franklin, a federal prisoner proceeding pro se, moves for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence.  *See* 28 U.S.C. §§ 2244(b), 2255(h).  The government supports Franklin's motion.

In 2007, a jury convicted Franklin of arson, 18 U.S.C. § 844(i); using a destructive device in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(B)(ii); possessing an unregistered firearm or destructive device, 26 U.S.C. § 5861(d); and possessing firearms while unlawfully using a controlled substance, 18 U.S.C. § 922(g)(3).  The district court sentenced Franklin to 420

months of imprisonment, and we affirmed. *United States v. Franklin*, 298 F. App'x 477, 479 (6th Cir. 2008).

In 2010, Franklin filed a § 2255 motion, arguing that trial and appellate counsel performed ineffectively. The district court denied the motion on the merits. This court declined to issue a certificate of appealability.

Franklin now moves for authorization to file a second or successive § 2255 motion, in which he would argue that his § 924(c) conviction should be vacated because his § 844(i) arson conviction no longer qualifies as a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). The government agrees that this court should grant Franklin authorization to file a second or successive § 2255 motion because *Davis* announced a new rule of constitutional law that retroactively applies to cases on collateral review.

We may authorize the filing of a second or successive § 2255 motion only if the applicant's proposed claims rely on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

*Davis* established a "new rule" because its "result was not dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 568 U.S. 342, 347 (2013). The spirited dissent in *Davis* and the circuit split that predated it suggest that precedent did not dictate the decision.

Ordinarily, lower courts do not apply a new rule announced by the Supreme Court retroactively to cases on collateral review until the Court has announced the rule's retroactive effect. *Tyler v. Cain*, 533 U.S. 656, 664 (2001). That comes with a narrow exception. Lower courts may determine on their own the retroactivity of new rules when "[m]ultiple cases . . . necessarily dictate the retroactivity of the new rule." *Id* at 664.

The exception applies here.  The Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016), establishes the retroactivity of *Davis*.  *Welch* explained that decisions announce a substantive rule and are thus retroactive when they "alter[] the range of conduct . . . that the law punishes."  *Id.*  That occurred in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because it "changed the substantive reach of the Armed Career Criminal Act."  *Welch*, 136 S. Ct. at 1265; *see id.* at 1264 ("[N]ew *substantive* rules generally apply retroactively." (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004))).  So too in *Davis*, where the Court narrowed § 924(c)(3) by concluding that its second clause was unconstitutional.  139 S. Ct. at 2336.

That leaves the question of whether Franklin's proposed petition relies on *Davis*'s rule.  His § 924(c) conviction was premised upon his use of a destructive device in furtherance of the § 844(i) offense.  *Davis* offers Franklin no benefit if § 844(i) offenses fall under § 924(c)(3)(A), which survived *Davis*.  In other words, the question is whether § 844(i) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  Arson under § 844(i) does not appear to qualify as a crime of violence under § 924(c)(3)(A) because it can be committed against "any building . . . used in interstate or foreign commerce," including one owned by the arsonist.  *Id.* § 844(i).  Because that means Franklin's § 924 conviction must have been based on § 924(c)(3)(B), which *Davis* invalidated, his proposed petition relies on *Davis*'s rule.

Accordingly, we **GRANT** Franklin's motion for authorization to file a second or successive § 2255 motion and **TRANSFER** the case to the United States District Court for the Eastern District of Kentucky for further proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk