RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0273p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

GARY DUANE HARRIS,

$\qquad$ *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

$\qquad$ *Respondent-Appellee.*

> No. 21-5040

───────────────

Appeal from the United States District Court for the Western District of Kentucky at Paducah.
Nos. 5:19-cv-00046; 5:96-cr-00024-2—Thomas B. Russell, District Judge.

Argued: October 26, 2021

Decided and Filed: December 1, 2021

Before: DAUGHTREY, COLE, and CLAY, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Frank W. Heft, Jr., OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant. Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee. **ON BRIEF:** Frank W. Heft, Jr., Scott T. Wendelsdorf, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant. Terry M. Cushing, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

───────────────

## OPINION

───────────────

MARTHA CRAIG DAUGHTREY, Circuit Judge. Petitioner Gary Duane Harris appeals from the district court's denial of his second or successive 28 U.S.C. § 2255 motion to vacate, set

aside, or correct a portion of the 480-month sentence he presently is serving. After pleading guilty to aiding and abetting second-degree murder, aiding and abetting attempted robbery, and aiding and abetting using or carrying a firearm during and in relation to a crime of violence, the district court sentenced Harris to concurrent sentences of 420 months and 180 months for the second-degree-murder and attempted-robbery convictions, respectively. The district court also imposed a consecutive 60-month sentence for the firearm conviction.

Harris argues that the consecutive 60-month sentence must be vacated because it is possible that the district court imposed that punishment pursuant to the unconstitutionally vague "residual clause" of 18 U.S.C. § 924(c)(3)(B). Furthermore, Harris insists that the 60-month sentence cannot be saved under the so-called "elements clause" of 18 U.S.C. § 924(c)(3)(A) because neither his conviction for aiding and abetting second-degree murder nor his conviction for aiding and abetting attempted robbery could have been considered a "crime of violence" under caselaw existing at the time of sentencing.

Although it is possible that Harris could demonstrate that his sentence is constitutionally suspect, our inquiry does not end there. To justify relief under § 2255, Harris must identify not only constitutional error but also harm that he suffered from that error. At best, Harris can show that the record of his sentencing is silent as to whether the district court relied upon § 924(c)(3)'s elements clause or residual clause when imposing punishment upon him. Thus, even if the record's utter silence is sufficient to show that Harris's sentence is constitutionally suspect, Harris still must establish that he could not have been sentenced to the consecutive 60-month prison term under § 924(c)(3)'s elements clause. Because the 18 U.S.C. § 2111 crime of aiding and abetting attempted robbery necessarily constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), we affirm the judgment of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 1996, two seventeen-year-olds, Gary Duane Harris and Anthony Charles Gaines, Jr., approached two soldiers near a convenience store on the United States Army base in Fort Campbell, Kentucky. In an attempt to rob the soldiers, Gaines pulled a handgun from his

clothing. As Gaines attempted to transfer the weapon to his other hand, the gun discharged, and a bullet struck Private First Class Michael Alonso-Caravia in the neck, killing him.

Following their arrests, both Harris and Gaines pleaded guilty to charges of aiding and abetting second-degree murder, in violation of 18 U.S.C. §§ 2 and 1111; aiding and abetting attempted robbery, in violation of 18 U.S.C. §§ 2 and 2111; and aiding and abetting using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). The district court sentenced Harris to concurrent prison terms of 420 months and 180 months for the second-degree-murder and attempted-robbery convictions and to a consecutive 60-month prison term for the § 924(c) conviction. We affirmed the convictions and sentence on direct appeal. *United States v. Harris (Harris I)*, 238 F.3d 777 (6th Cir. 2001) (*per curiam*).

Harris's initial collateral attempts to vacate, set aside, or correct his sentence proved unsuccessful. *See Harris v. United States (Harris II)*, No. 04-5196 (6th Cir. May 4, 2004) (order); *In re Gary Duane Harris (Harris III)*, No. 16-5469 (6th Cir. Sept. 23, 2016) (order). In March 2019, however, a panel of this court granted Harris authorization to file a second or successive § 2255 motion challenging the legitimacy of the § 924(c) conviction and sentence. *In re Gary Duane Harris (Harris IV)*, No. 18-6172 (6th Cir. Mar. 18, 2019) (order). In that motion, Harris argued that his § 924(c) conviction and sentence cannot withstand constitutional scrutiny because, in enhancing his sentence, the district court *may have* relied upon the residual clause of 18 U.S.C. § 924(c)(3)(B), a clause whose continued vitality at that time had been called into question.

Indeed, in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court concluded that § 924(c)(3)(B)'s residual clause was so vague as to violate principles of due process. Harris thus asserted that his § 924(c) sentence must be vacated because it was likely that the district court improperly relied upon the invalidated residual clause to support his enhanced sentence. The district court disagreed, *Harris v. United States (Harris V)*, No. 5:96-CR-24-TBR, 2020 WL 7769094 (W.D. Ky. Dec. 30, 2020), but did grant Harris a certificate of appealability on the following issues:

> (1) the standard for granting a motion to vacate a sentence based on § 924(c)
> where the record is silent but it is possible or likely that the district court relied on

the residual clause at sentencing, and (2) whether either of Harris's predicate offenses under 18 U.S.C. §§ 1111 or 2111 is a categorical crime of violence under the elements clause of § 924(c).

*Id.*, 2020 WL 7769094, at \*5.

## DISCUSSION

**Standard of Review and Requirements for § 2255 Relief**

We review *de novo* the denial of a § 2255 motion. *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996) (citation omitted). We also review *de novo* the legal question of whether an offense constitutes a "crime of violence" under 18 U.S.C. § 924(c). *United States v. Rafidi*, 829 F.3d 437, 443 (6th Cir. 2016) (citing *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)).

An initial § 2255 motion "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Addonizio*, 442 U.S. 178, 185–86 (1979)). But when seeking relief pursuant to a second or successive § 2255 motion, the movant faces a more onerous burden and must base the request for relief on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Harris cannot point to any newly discovered evidence to support his claim for collateral relief. Rather, he alleges that, in light of the new rule of constitutional law set forth in *Davis*, the district court improperly relied upon the residual clause of § 924(c)(3) to justify his enhanced sentence for aiding and abetting the use or carrying of a firearm.

**Basis for Harris's 18 U.S.C. § 924(c) Sentence**

By pleading guilty to Count 3 of the superseding indictment returned against him, Harris admitted that he aided and abetted his co-defendant in using or carrying a firearm during and in relation to two crimes—aiding and abetting second-degree murder and aiding and abetting attempted robbery. Consequently, he was subject to sentencing pursuant to the provisions of 18 U.S.C. § 924(c)(1)(A)(i)[1], which provides:

> [A]ny person who, during and in relation to any *crime of violence* . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years.

(Emphasis added.)

The term "crime of violence" in § 924(c)(1)(A) is explicitly defined in 18 U.S.C. § 924(c)(3) to mean a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) is known as the statute's "elements clause," while § 924(c)(3)(B) is known as the "residual clause."

**Challenges to Statutory Residual Clauses**

In 2015, the United States Supreme Court ruled in *Johnson v. United States*, 576 U.S. 591 (2015), that a sentence imposed pursuant to a "residual clause" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)[2], could be challenged as a violation of due process.

---

[1]Although Harris was convicted of three *aiding and abetting* offenses, "[w]hoever commits an offense against the United States *or aids, abets,* counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a) (emphasis added).

[2]The residual clause of the ACCA defined a "violent felony," in part, as "any crime punishable by imprisonment for a term exceeding one year" that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

According to the Court, "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at 597. Because invalidation of that clause "changed the substantive reach of the Armed Career Criminal Act," the Court later recognized that *Johnson*'s holding must be applied retroactively to other cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Even so, because of the difference in language between the residual clause of the ACCA and its definition of a "violent felony" and § 924(c)(3)(B)'s residual clause's definition of a "crime of violence," questions persisted as to whether *Johnson*'s holding also applied to enhanced sentences for using or carrying a firearm during or in relation to such a crime of violence.

Approximately three years after *Johnson*, the Supreme Court offered some indication of the ultimate answer to those questions in its ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Court considered a challenge to the constitutionality of a residual clause contained in 18 U.S.C. § 16's general definition of the term "crime of violence." *Id.* at 1210. In 18 U.S.C. § 16(b), Congress, as it did in § 924(c)(3)(B), defined a "crime of violence" to be, in part, "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." And in *Dimaya*, as in *Johnson*, the Court concluded that the residual clause at issue "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Dimaya*, 138 S. Ct. at 1223 (quoting *Johnson*, 576 U.S. at 598).

Finally, in *Davis*, the Supreme Court addressed head-on the contention that the residual clause in 18 U.S.C. § 924(c)(3)(B) faced the same vagueness problems as did the provisions of 18 U.S.C. § 924(e)(2)(B)(ii) and 18 U.S.C. § 16(b). Doing so, the Court, not surprisingly, agreed "that § 924(c)(3)(B) is unconstitutionally vague" and cannot serve to define a "crime of violence" for purposes of conviction and sentencing. *Davis*, 139 S. Ct. at 2336. Moreover, given the similarities between the statutory language at issue in *Johnson* and in *Davis*, we have held that *Davis* applies retroactively. *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) (order) (*per curiam*) (relying upon *Welch*).

**Determination of the Basis for the Crime-of-Violence Finding**

In this appeal, Harris relies upon *Davis*'s invalidation of § 924(c)'s residual clause to support his claim that his conviction for using or carrying a firearm during and in relation to a crime of violence, as well as the resulting, consecutive, 60-month sentence, must be vacated. According to Harris, nothing in the record of his conviction and sentence indicates that the district court *did not* rely upon the unconstitutional residual clause of § 924(c)(3)(B) in finding that Harris had committed a crime of violence; therefore, he insists that the residual clause actually *must have been* the basis for the district court's finding.

To support that contention, Harris cites our decision in *Williams v. United States*, 927 F.3d 427 (6th Cir. 2019), and analyzes the five factors that case identified as aids in determining whether a particular sentence was imposed pursuant to an unconstitutional residual clause. After examining the sentencing record, the legal background at the time of sentencing, the presence of informed decisionmakers, the nature of the predicate offense, and later, predictable, legal developments, Harris concludes that those factors "establish that it is possible or likely that he was sentenced under § 924(c)(3)(B)'s residual clause," and that the otherwise silent record "must be construed in [his] favor." (Appellant's Br. at 9, 25.)

Engaging in an examination of the *Williams* factors yields little benefit to Harris in this case, however. First, the sentencing record is silent as to the district court's basis for finding Harris worthy of enhanced punishment.

Second, consideration of the legal background at the time of sentencing does not give a definitive answer to the relevant question raised by Harris in this collateral challenge. In 1999, no binding Sixth Circuit precedent established definitively that either aiding and abetting second-degree murder or aiding and abetting attempted robbery categorically was a crime of violence. Furthermore, by that time, the Supreme Court had explained that courts should determine whether an offense was a "crime of violence" or a "violent felony," not by examining the circumstances surrounding the commission of the crime, but rather by engaging in a categorical-approach analysis. *See Taylor v. United States*, 495 U.S. 575, 602 (1990).

As we explained in our *en banc* decision in *United States v. Burris*, 912 F.3d 386, 392 (6th Cir. 2019):

> The categorical approach prohibits federal sentencing courts from looking at the particular facts of the defendant's previous state or federal felony convictions; rather, federal sentencing courts "may 'look only to the statutory definitions'— *i.e.*, the elements—of a defendant's prior offenses." *Descamps [v. United States]*, 570 U.S.[254, 261 (2013)] (quoting *Taylor*, 495 U.S. at 600 . . .). The question for the sentencing court in the elements-clause context is whether every defendant convicted of that state or federal felony *must have* used, attempted to use, or threatened to use physical force against the person of another *in order to have been convicted*, not whether the particular defendant *actually* used, attempted to use, or threatened to use physical force against the person of another *in that particular case*.

(Citations omitted.) Because the district court did not engage in an explicit categorical-approach analysis at sentencing, Harris contends that the district judge must have relied upon the residual clause in § 924(c)(3)(B) to justify the consecutive, 60-month sentence he imposed. Even at that time, however, it would have been clear to the district court that the federal crime of attempted robbery contained, by definition, the element of force, making it unnecessary to engage in a categorical-approach analysis. Indeed, a conviction under 18 U.S.C. § 2111 *requires* a taking or an attempted taking from a person "*by force and violence, or by intimidation*."**[3]**  (Emphasis added.)

Moreover, by 1993, we had recognized that even the concept of "intimidation" required proof of "conduct and words calculated to create the impression that any resistance or defiance by the [victim] would be met by force." *United States v. Perry*, 991 F.2d 304, 310 (6th Cir. 1993) (quoting *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991)); s*ee also United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018) ("[I]ntimidation is all it takes to satisfy § 924(c)(3)(A)'s elements clause, which defines crimes involving the 'threatened use of physical force' as crimes of violence.") (citing *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016)). Thus, the legal background in 1999 offers no real support for Harris's argument; if anything, an examination of that legal background indicates that Harris's conviction for aiding

---

**[3]**In its entirety, 18 U.S.C. § 2111 provides that "[w]hoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."

and abetting attempted robbery fell squarely within the parameters of § 924(c)(3)'s elements clause, justifying imposition of a § 924(c)(1)(A) sentence.

Third, Harris cannot rely upon information provided by a decisionmaker familiar with the basis for the sentencing decision. Unfortunately, the sentencing judge died in 2013, years before Harris first raised his challenge to his sentence based upon the Supreme Court's decision in *Davis*. This factor, therefore, "casts no affirmative light on the question at hand." *Williams*, 927 F.3d at 444.

Fourth, an examination of the nature of the predicate offenses also does little to aid Harris's cause. In fact, such an analysis lends credence to the belief that the district court relied upon § 924(c)(3)'s elements clause in enhancing Harris's sentence because the predicate offense of aiding and abetting attempted robbery requires a finding of a taking or an attempted taking *by force and violence*. 18 U.S.C. § 2111.

Fifth, any consideration of legal developments occurring *after* sentencing sheds little light on the district court's actual sentencing rationale. Nevertheless, Sixth Circuit decisions rendered after Harris was sentenced establish that statutory language virtually identical to that found in 18 U.S.C. § 2111, the federal prohibition on robbery and attempted robbery, satisfies the elements clause of 18 U.S.C. § 924(c)(3)(A). *See, e.g.*, *United States v. Jackson*, 918 F.3d 467, 484–86 (6th Cir. 2019) (finding that carjacking is a crime of violence under the elements clause of § 924(c) because a conviction under 18 U.S.C. § 2119 requires the taking of a motor vehicle "from the person or presence of another by force and violence or by intimidation, or attempts to do so"); *McBride*, 826 F.3d at 295–96 (concluding that bank robbery under 18 U.S.C. § 2113, which requires a taking or an attempt to take certain property "from the person or presence of another" "by force and violence, or by intimidation," constitutes a crime of violence under § 4B1.2(a) of the United States Sentencing Guidelines).

Harris concedes that examination of the *Williams* factors does not conclusively establish that the sentencing judge relied upon § 924(c)'s residual clause when sentencing him. Indeed, he notes that "the record [in this matter] is silent on whether the § 924(c) sentence is based on the

statute's residual clause or its elements clause." (Appellant's Br. at 26.)  He nevertheless argues that such silence should lead us to conclude that his § 924(c) sentence is unconstitutional.

"It is a 'tall order' for a petitioner to show which . . . clause a district court applied when the sentencing record is silent—a burden all the more unjust considering that silence is the norm, not the exception." *Raines v. United States*, 898 F.3d 680, 690–91 (6th Cir. 2018) (Cole, C.J., concurring).  But even engaging in a *Williams*-factors analysis does little to aid Harris.  As the district court noted when denying Harris relief on his second or successive § 2255 motion, "In the part of the *Williams* opinion that Harris relies on, the [Sixth Circuit] was considering whether Williams was entitled to raise a second or successive motion under § 2255 in the first place, not whether a motion to vacate should prevail." *Harris V*, 2020 WL 7769094, at *3 (citing *Williams*, 927 F.3d at 439).  "Although the [Sixth Circuit] found that Williams was entitled to bring a second § 2255 motion, it still had to answer the question of whether Williams's predicate offense qualified under the ACCA's elements clause before deciding if the § 924(e) sentence should be vacated." *Id.*; *Williams*, 927 F.3d at 445 (citing *Van Cannon v. United States*, 890 F.3d 656, 661 (7th Cir. 2018) ("To win § 2255 relief, Van Cannon had to establish a *Johnson* error *and* that the error was *harmful*.  The government confessed the *Johnson* error . . . .  The only remaining dispute concerned the question of prejudice.")).  Thus, deciding whether an enhanced sentence relied upon the residual clause or the elements clause of § 924(c)(3) does not, by itself, determine whether Harris is entitled to the relief he seeks.  Harris also must establish that he suffered prejudice from an improper sentencing calculation.  Consequently, even despite the possibility that the district court relied upon the residual clause of § 924(c)(3)(B) in sentencing Harris, Harris also must show that neither of his predicate offenses qualified for enhanced sentencing under § 924(c)(3)'s *elements* clause.  *See, e.g.*, *Porter v. United States*, 959 F.3d 800, 801–02 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1060 (2021).

**Determination of Whether Harris's Predicate Convictions Are Crimes of Violence**

### Aiding and Abetting Second-Degree Murder

Squelching any inclination to presume that a second-degree murder conviction necessarily involves the use, attempted use, or threatened use of physical force against the person

of another, the Supreme Court recently held that an offense requiring a *mens rea* of simple recklessness does not qualify as a violent felony under the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), a clause that is essentially identical to § 924(c)(3)(A). *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021). Consequently, the question presents itself whether second-degree murder prohibited by 18 U.S.C. § 1111 can be committed with mere recklessness such that it does not necessarily involve the application of force and violence against the person of another. We need not resolve that question in this case, however. Because a district court may enhance the prison term under § 924(c) for the use or carrying of a firearm during and in relation to even *one* offense that can be considered a "crime of violence," we may affirm the district court's judgment as long as Harris's conviction for aiding and abetting attempted robbery involves the "use, attempted use, or threatened use of physical force against the person or property of another."

**Aiding and Abetting Attempted Robbery**

In arguing that a conviction under 18 U.S.C. § 2111 does *not* meet that standard, Harris cites *United States v. Camp*, 903 F.3d 594, 601 (6th Cir. 2018), and *United States v. Yates*, 866 F.3d 723, 734 (6th Cir. 2017), for the proposition that, pursuant to a categorical-approach analysis, "the elements of § 2111 must be compared to the elements of generic robbery which is defined as 'the "misappropriation of property under circumstances involving immediate danger to the person."'" (Appellant's Br. at 40 (quoting *Camp*, 903 F.3d at 601).) *Camp* and *Yates*, however, were not concerned with whether the crimes at issue in those cases—Hobbs Act robbery (*Camp*) and Ohio's robbery statute, Ohio Rev. Code Ann. § 2911.02(A)(3) (*Yates*)— were crimes of violence under 18 U.S.C. § 924(c)(3)(A).[4] Rather, the issue in those cases required an examination of whether the crimes met the generic definition of robbery as listed in the *enumeration clause* of § 4B1.2(a)(2) of the United States Sentencing Guidelines.[5]

---

[4]In fact, in *Camp*, we recognized that the plain text of the Hobbs Act may be sufficient to categorize robbery as a crime of violence under the use-of-force clause of 18 U.S.C. § 924(c). *Camp*, 903 F.3d at 600.

[5]The provisions of § 4B1.2(a) of the Guidelines, like the relevant provisions of the ACCA, 18 U.S.C. § 924(e)(2)(B), previously contained *three* clauses defining the terms "crime of violence" in the Guidelines or "violent felony" in the ACCA. In addition to the equivalents of an elements clause and a residual clause, § 4B1.2(a) of the Guidelines and 18 U.S.C. § 924(e)(2)(B) contained what are known as enumeration clauses that list specific

Unlike the involved analysis that must be undertaken to determine whether an individual's prior conviction constitutes an enumerated, generic offense under § 4B1.2(a)(2) of the Guidelines or an enumerated, generic offense under § 924(e)(2)(B)(ii) of the ACCA, an analysis under § 924(c)(3)(A) requires only that the predicate offense for which a defendant was convicted necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See In re Franklin*, 950 F.3d at 911 (explaining the relevant inquiry to determine whether arson, 18 U.S.C. § 844(i), constitutes a crime of violence under the elements clause of § 924(c)(3)(A)).

Even so, Harris continues to argue that 18 U.S.C. § 2111 cannot be considered a crime of violence because its language "is broader than generic robbery because:  1) under the statute intimidation does not have to involve 'immediate danger to the person;' and 2) unlike generic robbery, § 2111 includes attempted robbery."  (Appellant's Br. at 42.)  Again, however, under the elements clause of § 924(c)(3)(A), the government need not establish that every element of a § 2111 violation is included in the definition of generic robbery.  Instead, the government need show only that even "the least of th[e] acts criminalized" by § 2111 requires the use, attempted use, or threatened use of force. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (alteration in original) (internal quotation marks and citation omitted).  Because "intimidation" "involves the threat to use physical force," *McBride*, 826 F.3d at 296, and because even *attempts* to take anything of value from a person "by force and violence, or by intimidation" constitute § 2111 violations, 18 U.S.C. § 2111 is a crime of violence for purposes of § 924(c)(3)(A). *See, e.g.*, *United States v. Fultz*, 923 F.3d 1192, 1193, 1195 (9th Cir.), *cert. denied*, 140 S. Ct. 668 (2019) (finding that robbery on a government reservation under § 2111 is a crime of violence for purposes of § 924(c)(3)(A)); *United States v. Shirley*, 808 F. App'x 672, 677 (10th Cir. 2020) (robbery under § 2111 meets the requirements of the elements clause of § 924(c)(3)(A)); *United States v. Ben*, 783 F. App'x 443, 443  (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1547 (2020) (same).

---

crimes that meet the respective definitions of a "crime of violence" and a "violent felony." *See* U.S.S.G. § 4B1.2(a)(2) (now listing "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material . . . ."); 18 U.S.C. § 924(e)(2)(B)(ii) (listing crimes involving burglary, arson, extortion, or use of explosives).

**CONCLUSION**

Because 18 U.S.C. § 2111 has, as an essential element, "the use, attempted use, or threatened use of physical force against the person or property of another," it is a crime of violence for purposes of § 924(c)(3)(A)'s elements clause. Harris thus has failed to establish any prejudice from the imposition of his § 924(c) sentence. Consequently, we AFFIRM the judgment of the district court denying Harris's second or successive § 2255 motion.