NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0302n.06

Case No. 22-3478

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td></td><td></td><td rowspan="2">FILED<br>Jun 30, 2023<br>DEBORAH S. HUNT, Clerk</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE NORTHERN DISTRICT OF</td></tr>
<tr><td>TRAVIS D. BROWN, aka Travis Darnell</td><td>)</td><td>OHIO</td></tr>
<tr><td>Moore,</td><td>)</td><td></td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Before: KETHLEDGE, STRANCH, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** Travis Brown pleaded guilty to several firearm and drug offenses in connection with two traffic stops conducted within months of each other and received a sentence of 144 months' imprisonment. Brown now challenges his below-Guidelines sentence on procedural and substantive reasonableness grounds. Because the district court did not err in sentencing Brown, we affirm.

**I.**

On January 3, 2020, around 1:30 a.m., two officers with the Toledo Police Department conducted a traffic stop on a red GMC SUV owned and operated by Brown. During the stop, the officers conducted a warrant check on Brown and discovered that he had an outstanding arrest warrant. One of the officers went back to Brown's SUV and asked him to exit the vehicle. At the time, the officer was standing in the door well of the open driver's door with his hand on top of

the open door while the second officer relocated from standing on the passenger's side of the vehicle to the rear, driver's side of the vehicle. Rather than exiting the vehicle, Brown quickly drove off to evade the officers, forcing other cars to stop to avoid hitting him. The officers ran back to their vehicle and pursued Brown. A car chase ensued.

During the chase, Brown drove onto sidewalks and across several front yards. At one point, he failed to stop at a stop sign, forcing oncoming cars to stop to avoid hitting him or the officers. Throughout the chase, both vehicles drove at speeds of around 30 to 40 miles per hour, although at some point the officers' vehicle reached speeds in excess of 50 miles per hour.

Brown eventually abandoned his SUV and the chase continued on foot. The officers caught up with Brown and arrested him. After securing Brown, the officers searched the SUV and recovered a firearm from the front driver-side floorboard. They also found a plastic bag inside a coat Brown left in the vehicle, which contained 105.26 grams of a mixture of methamphetamine and caffeine, as well as .32 grams of crack cocaine.

Just five months later, on May 6, 2020, officers with the Toledo Police Department conducted another traffic stop of a vehicle operated by Brown. While speaking with Brown, the officers saw marijuana in the center console. They asked Brown to step out of the car, during which Brown told the officers that there was a pistol in the backseat. Upon searching the car, the officers found a pistol and a bag of oxycodone pills in the center console underneath the marijuana.

On June 11, 2020, a grand jury indicted Brown on several federal charges related to the January 3 and May 6 stops:

> **Count 1:** possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841, in connection with the January 3 stop;
>
> **Count 2:** carrying a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c), in connection with the January 3 stop;

**Count 3:** felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), in connection with the January 3 stop; and

**Count 4:** felon in possession of a firearm in connection with the May 6 stop.

Brown pleaded guilty to all counts.

Brown's advisory Guidelines range was 152 to 175 months' imprisonment. This included a two-level reckless-endangerment enhancement for the January 3 fleeing incident. Brown objected to the application of the reckless-endangerment enhancement.

At sentencing, the district court overruled Brown's objection. And after hearing argument from Brown and the government, the district court sentenced Brown to 144 months' imprisonment—eight months below the low end of the advisory Guidelines range. Brown timely appealed.

**II.**

Brown challenges the procedural and substantive reasonableness of his sentence. We generally review the reasonableness of a sentence "under the deferential abuse-of-discretion standard." *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010); *see also United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 218 (6th Cir. 2019).

We review questions of law de novo. *Nunley*, 29 F.4th at 830. We review findings of fact for clear error. *Id*. A district court's factual finding is "clearly erroneous when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction' that the district court made a mistake." *United States v. Ellis*, 938 F.3d 757, 761 (6th Cir. 2019) (quoting *United States v. Vasquez*, 352 F.3d 1067, 1070 (6th Cir. 2003)).

For procedural reasonableness, if a defendant failed to object below, we review only for plain error. *Nunley*, 29 F.4th at 830. Under plain-error review, a defendant must establish: (1) that there was an error, (2) that the error was "plain," (3) that the error affected "substantial rights," and (4) "that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018)); *see United States v. Ramirez-Figueredo*, 33 F.4th 312, 315 (6th Cir. 2022).

### III.

#### A.  Procedural Reasonableness

"Procedural reasonableness mandates that a court 'properly calculate the [G]uidelines range, treat the [G]uidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence—including an explanation for any variance from the [G]uidelines range.'" *United States v. Hall*, 20 F.4th 1085, 1098 (6th Cir. 2022) (quoting *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012)). "It further mandates that the court's sentence be based on a reasonable determination of the facts." *Id.* (quoting *Morgan*, 687 F.3d at 693).

Brown challenges the procedural reasonableness of his sentence on two grounds. First, he argues that the district court erred in enhancing his offense level under U.S.S.G. § 3C1.2 for reckless endangerment in connection with the January 3 car chase. Second, he argues that the district court failed to consider national sentence disparities as required by 18 U.S.C. § 3553(a)(6). We take each argument in turn.

##### 1.  Reckless-endangerment enhancement

The reckless-endangerment enhancement applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a

law enforcement officer." U.S.S.G. § 3C1.2. We use a five-part test to determine whether the enhancement applies. Under the test, the government must show by a preponderance of the evidence that the defendant:

> (1) recklessly, (2) created a substantial risk of death or serious bodily injury, (3) to another person, (4) in the course of fleeing from a law enforcement officer, (5) and that this conduct occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

*United States v. Mukes*, 980 F.3d 526, 536 (6th Cir. 2020) (quoting *United States v. Dial*, 524 F.3d 783, 786–87 (6th Cir. 2008)). Determining § 3C1.2's applicability is a highly fact-based inquiry. *United States v. Hazelwood*, 398 F.3d 792, 796 (6th Cir. 2005). Accordingly, we give "significant deference to the district court" when a defendant challenges the application on appeal. *Id.*

Brown contests only whether the government has satisfied the first three elements of the enhancement.

The government introduced body cam and dashcam footage from the January 3 stop, which showed the car chase and subsequent pursuit on foot, to meet its burden. This was not a situation where the district court merely relied on the parties' versions of events. It saw what the officers saw and experienced. And what the officers saw and experienced was the exact encounter that supported the application of § 3C1.2. Based on our review, the district court did not abuse its discretion in overruling Brown's objection to the reckless-endangerment enhancement.

As to recklessness, the Guidelines commentary defines "reckless" as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 cmt. n.1; *see* U.S.S.G. § 3C1.2, cmt. n.2 (adopting § 2A1.4's definition of reckless). Brown argues that he did not act

recklessly because his vehicle "did not exceed 50 miles per hour" and "the time of day and cold weather made clear that others were not likely to be nearby." D. 18 at p. 11. But § 3C1.2 does not require that the defendant cross some speed or population-density threshold for the enhancement to apply. We have found § 3C1.2's recklessness requirement satisfied when a defendant flees law enforcement in much the same way that Brown did. *See United States v. Lash*, 665 F. App'x 428, 431 (6th Cir. 2016) (affirming § 3C1.2's application when the defendant "attempt[ed] to drive away while two officers and one passenger were close to (or partly inside) the vehicle"). We see no reason to find differently here.

As to the creation of a substantial risk of death or serious bodily injury to another person, Brown's argument is essentially that the risk he created was not substantial enough to satisfy § 3C1.2's application. He argues that he did not hit the officers or drive into any traffic when he drove away.[1] But "no actual harm is required to show reckless endangerment." *Hazelwood*, 398 F.3d at 796. The inquiry is whether Brown caused "*substantial risk* of death or serious bodily injury" to the officers. *Dial*, 524 F.3d at 786–87 (emphasis added).

When Brown accelerated away from the officers, one of them was standing on the driver's side near the rear of the vehicle while the other was standing in the door well of the open driver's door with his hand on top of the open door. As the district court noted, Brown's car "could have fishtailed upon acceleration . . . [and] struck the officers." R. 45, PageID 255–56. This situation thus resembles *Lash*, where the defendant accelerated away from officers while one of them had his hand on the car and the other "was in the midst of removing one of the passengers." 665 F. App'x at 430. While Brown's actions may not mirror *Lash* exactly, they are close enough to find

---

[1] The dashcam footage appears to contradict Brown's implied assertion that there was no traffic when he accelerated away from the officers. The dashcam footage shows two cars that Brown sped around as he accelerated away from the officers.

that Brown created a substantial risk to the officers, and thus there was no abuse of discretion in applying the reckless-endangerment enhancement.

### 2. Consideration of national sentence disparities

In imposing a sentence, district courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Not all disparities are relevant for purposes of § 3553(a)(6). This provision "is concerned with national disparities" between similarly situated defendants. *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007).

Below, Brown argued for a below-Guidelines sentence of 120 months—the median sentence for similarly situated defendants according to the U.S. Sentencing Commission's national sentencing data. Now, Brown argues that the district court "failed to address § 3553(a)(6) as a factor [at the sentencing hearing] and failed to discuss the disparity in sentencing between [him] and similarly situated defendants." D. 18 at p. 20. In Brown's view, this was procedurally unreasonable because district courts "must explicitly consider a [§ 3553(a)] factor when a defendant makes a particular argument" for a lower sentence under § 3553(a). *Id.*

As a preliminary matter, the parties disagree on the appropriate standard of review for Brown's argument. Brown argues that the appropriate standard of review is for an abuse of discretion, while the government argues that plain-error review applies. Ultimately, the dispute turns on whether Brown properly preserved his argument.

"[A]fter pronouncing the defendant's sentence but before adjourning the sentencing hearing," a district court must "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). "If a party does not clearly articulate any objection and the grounds upon which

the objection is based, when given this final opportunity to speak, then that party will have forfeited its opportunity to make any objections not previously raised and thus will face plain error review on appeal." *Id.* at 872–73.

Brown failed to object to the district court's consideration of § 3553(a)(6) in response to the court's *Bostic* question. But he argues that he was not required to raise the objection because the objection was "previously raised" in Brown's sentencing memorandum. *Bostic*, 371 F.3d 865, 872.

Brown is misguided. The error Brown complains of arose only after the district court provided its rationale for his sentence. As a result, he had to raise the objection in response to the court's *Bostic* question and his failure to do so results in plain-error review. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc); *United States v. Phillips*, 516 F.3d 479, 486–87 (6th Cir. 2008).

Looking at the substance of Brown's argument, no plain error exists. "Although [a] district court may not have mentioned all of the statutory factors or the [G]uidelines explicitly, and although explicit mention of those factors may facilitate review, [we have] never required the 'ritual incantation' of the [§ 3553(a)] factors to affirm a sentence." *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (internal quotation marks omitted) (quoting *United States v. Washington*, 147 F.3d 490, 490 (6th Cir. 1998)). "What matters is whether the record shows that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *United States v. Stokes*, 852 F. App'x 181, 182 (6th Cir. 2021) (quoting *Vonner*, 516 F.3d at 387) (internal quotation marks omitted). The record shows that the district court did just that. In sentencing Brown, the district court discussed, among other things, the Guidelines range, the nature of

Brown's offenses, his background and history, his criminal history, and the need to impose a sentence that accounted for Brown's repeated firearms violations. Based on this rationale, the court imposed a sentence that was eight months below the low end of the advisory Guidelines range. The district court thus satisfied its obligation "to communicate clearly its rationale for imposing [Brown's] specific sentence." *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

Furthermore, the district court took sentence disparities into account by considering Brown's advisory Guidelines range. As the Supreme Court emphasized in *Gall v. United States*, the "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." 552 U.S. 38, 54 (2007). Having "correctly calculated and carefully reviewed the Guidelines range, [the district court] necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." *Id*. Therefore, Brown is not entitled to relief.

## B. Substantive Reasonableness

"For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Zabel*, 35 F.4th 493, 504 (6th Cir. 2022) (internal quotation marks omitted). Thus, substantive reasonableness ultimately turns on whether the district court "placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018); *see Zabel*, 35 F.4th at 504–05.

A below-Guidelines sentence like Brown's is presumptively reasonable. *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). "Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-[G]uidelines sentence, defendants who seek to do so bear a heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013). Brown argues that the district court "imposed a substantively unreasonable sentence by weighing [his] criminal history too heavily and weighing both similarly situated defendants' sentences and [his] personal history too lightly." D. 18 at p. 15.

Brown has failed to satisfy his heavy burden of rebutting the presumption of reasonableness that attaches to his below-Guidelines sentence. It is not our job "to decide afresh whether [a defendant's] circumstances warrant a larger variance or whether the sentence is reasonable." *United States v. Phinazee*, 515 F.3d 511, 521 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 59). Instead, to overturn a sentence, we must "conclude that, taking into account 'the totality of the circumstances,' the sentence imposed was 'greater than necessary' to achieve the goals of § 3553(a)." *United States v. Fields*, 763 F.3d 443, 456 (6th Cir. 2014) (quoting *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010)). The district court balanced the sentencing factors and made a "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *United States v. Lynde*, 926 F.3d 275, 282 (6th Cir. 2019) (quoting *Gall*, 552 U.S. at 59–60). Based on the totality of the circumstances and the relevant § 3553(a) sentencing factors, Brown's sentence is substantively reasonable.

Although Brown wanted the district court to balance the § 3553(a) factors differently to reach his desired result, that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have

imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quoting *United States v. Ely*, 486 F.3d 399, 404 (6th Cir. 2006)).

## IV.

For the aforementioned reasons, we AFFIRM Brown's sentence.